IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**MARIO REED,**

        **Plaintiff,**

**v.**                                                  Case 2:19-cv-02051-SHM-cgc

**BREWERY MASTER TENANT, LLC,**
**and 495 TN PARTNERS, F/K/A 495**
**TENNESSEE, LLC,**

        **Defendants.**

---

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL**
**RULE 34 INSPECTION OF PROPERTY**

---

Before the Court is Plaintiff Mario Reed's Motion to Compel Rule 34 Inspection of Property. (Docket Entry ("D.E." #22)). The instant motion has been referred to the United States Magistrate Judge for determination. (D.E. #23). For the reasons set forth herein, Plaintiff's Motion is hereby GRANTED.

**I.**     **Introduction**

On January 21, 2019, Plaintiff filed his Complaint in this Court (D.E. #1), which he later amended on February 5, 2019 (D.E. #10). Plaintiff alleges violations of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 ("FHA"), 42 U.S.C. §§ 3601-3619. Specifically, Plaintiff alleges that the Tennessee Brewery Apartments located at 495 Tennessee Street, Memphis, Tennessee, 38103 (the "Property"), which contains approximately 152 units spread over multiple buildings, does not have accessibility for

1

disabled persons as required by the FHA. (Compl. ¶¶ 1, 15, 24-40). Plaintiff states that he is a "legally handicapped" individual who uses a wheelchair. (Compl. ¶ 3). Plaintiff alleges that, while researching apartments in the Memphis area, he visited the Property and reviewed the unit plans; ultimately, he observed accessibility barriers that would interfere with his ability to access and use the facilities. (Compl. ¶ 24). Plaintiff seeks declaratory, injunctive, and monetary relief.

## II. Motion to Compel Rule 34 Inspection of Property

On March 8, 2019, Plaintiff filed the instant Motion. Plaintiff requests to have his expert "inspect a representative sample of all unit types at the Tennessee Brewery Apartments and all public and common areas that are covered by FHA design and construction requirements." (Pl's Mot. ¶ 1). As an attachment to Plaintiff's Motion, he included his March 4, 2019 Request for Entry Upon Premises, which details the specific requests made upon Defendants. (*See also* Pl.'s Mot. ¶¶ 8-13). Plaintiff's Motion further contains a Certificate of Conference, which states that Counsel for Defendants "objected to the scope of inspection of the Property."

Defendants respond that, as of March 9, 2019, when the Request for Entry Upon Premises was provided to them, counsel for the parties had yet to engage in any substantive discussion regarding the case, and Defendants had yet to file their Answer to the First Amended Complaint. Defendants do not dispute that they had a telephone conference hours before the filing of Plaintiff's Motion; however, Defendants state that Plaintiff never mentioned the Motion that Plaintiff would file later that day. Instead, Defendants state that their initial telephone conference was held for the purpose of creating the discovery plan in advance of the Rule 16 Scheduling Conference.

As to the content of the discussions in this initial telephone conference, Defendants state that Plaintiff mentioned his desire to obtain an inspection. Defendants state that they provided

their substantive objections regarding Plaintiff's standing that they believed should be resolved in advance of an inspection[1] and that the parties agreed that any anticipated discovery issues would be addressed at the Scheduling Conference, which was set for March 25, 2019. Defendants state that they suggested that they may be able agree to a limited inspection and offered to discuss that opportunity the following week; however, Plaintiff filed the instant Motion later that day. Defendants assert that, had Plaintiff meaningfully consulted regarding his Motion, the parties may have reached an "agreement . . . as part of a staged discovery, sparing the parties expenditure of significant time and expense for a full inspection (not to mention the time and expense of litigating a motion to compel)." Thus, Defendants assert that Plaintiff's Motion is premature and that he failed to confer in good faith over discovery disputes before involving the Court.

On March 28, 2019, Plaintiff filed a Supplemental Certification of Consultation in support of his Motion. Plaintiff's counsel states that he did consult with counsel for Defendants about the relief requested in the Motion in an effort to resolve the issue in advance of the April 18, 2019 inspection. Plaintiff's counsel further notes that his request, as well as Defendants' objection thereto, is memorialized in the parties' joint Report of the Parties' Planning Meeting held pursuant to Rule 26(f), providing additional evidence of the consultation. Furthermore, on March 29, 2019, after obtaining leave of Court, Plaintiff filed a Reply to Defendant's Opposition to Plaintiff's Motion further stating that "[c]ounsel for Plaintiff conferred in detail about the scope of the inspection as required by [Local Rule] 7.2(a)(1)(B)," that "Plaintiff's counsel engaged in further efforts to confer, including emails and telephone calls," and that "Defendants' counsel confirmed, via email, that further efforts to confer would not be productive."

---

[1] The Court notes that, to date, no motion has been filed regarding Plaintiff's standing or the Court's jurisdiction.

**III. Scheduling Order**

The Rule 16 Scheduling Conference was held before United States District Judge Samuel H. Mays on March 29, 2019. With respect to discovery, the Scheduling Order (D.E. #34) provides as follows:

(a) EXPERT DISCLOSURE (Rule 26):

i. Plaintiff's Rule 26 Expert: June 21, 2019
ii. Defendant's Rule 26 Expert: July 19, 2019
iii. Supplementation under Rule 26(e): October 1, 2019

(b) DOCUMENT PRODUCTION, INTERROGATIRES, and REQUESTS for ADMISSIONS: October 1, 2019

(c) MOTIONS TO COMPEL DISCOVERY: to be filed and served within forty-five days of the default or the service of the response, answer or objection, which is the subject of the motion, unless the time for filing of such motion is extended for good cause shown, or the objection to the default, response, answer or objection shall be waived.

The Scheduling Order further states that "[t]he parties should conduct *in-depth discovery consultations* prior to filing any and all discovery motions. All motions, with the exception of motions to dismiss or motions for summary judgment, must be accompanied by a certificate of counsel verifying that the parties have been unable to resolve the dispute."

**IV. Analysis**

Local Rule 7.2(a)(1)(B) provides as follows:

> All motions, including discovery motions . . . shall be accompanied by a certificate of counsel affirming that, after consultation between the parties to the controversy, they are unable to reach an accord as to all issues or that all other parties are in agreement with the action requested by the motion. Failure to attach an accompanying certificate of consultation may be deemed good grounds for denying the motion.

> The certificate of counsel must contain the names of participating counsel and the date and manner of consultation. The burden will be on counsel filing the motion to initiate the conference upon giving reasonable notice of the time, place and specific nature of the conference. . . .

Here, the consultation process was less than ideal. Specifically, Defendants state that Plaintiff never mentioned that he may a motion regarding the inspection but only set forth his request for one. Plaintiff states that he "stated his intention to brief the issue for the Court," although it is not clear that this indicates that he was going to file a motion to compel later that day. This necessitated a Supplemental Certificate of Consultation as well as extensive briefing in the Response and Reply attempting to clarify this issue.

To avoid future confusion over the consultation requirement, Plaintiff's counsel is instructed to consult more carefully in the future, particularly as to motions to be filed with the Court.[2] However, given the lengthy briefing regarding the consultation process explaining that the consultation did occur and continued to occur after the Motion's filing, the Court declines to deny the Motion on this basis. Additionally, while the Motion was premature as it was seeking discovery in advance of the Scheduling Conference, now that the Scheduling Conference has been held and the discovery deadlines have been set, the Court finds that it is ripe for consideration and that it is sensible to resolve it without further consultation between the parties so as to keep the case on schedule with the deadlines set by the District Court and to provide clear dictates as to the scheduled April 18, 2019 inspection.

---

[2] Likewise, Plaintiff's counsel is advised that contacting the Court to request an expedited resolution of a motion is disfavored by our Local Rules.

The next question is what the District Court's Scheduling Order provides as to the parties' discovery plan. Upon review, there is no "staged discovery," as Defendants mention that they thought would be most practical; instead, the case has generalized discovery deadlines. Further, the Scheduling Order does not require that a determination of threshold issues, including Plaintiff's standing and the Court's jurisdiction, be completed before the commencement of discovery. Thus, there is no basis in the Scheduling Order to prohibit an inspection at this time.

The final question as to the inspection, therefore, is the question of its scope. Rule 26(b) of the Federal Rules of Civil Procedure provides the touchstone for this analysis, providing as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Although the parties agree that Rule 26 governs this inquiry, the parties dispute what discovery is relevant under Rule 26(b) to Plaintiff's FHA claim. Plaintiff urges this Court to follow the reasoning of United States Magistrate Judge Renee Tolliver of the United States District Court for the Northern District of Texas, who permitted a similar inspection of not just the places viewed by the Plaintiff or the places alleged to have caused injury to the Plaintiff but also to other areas of the property that may not be compliant with the FHA so as to effectuate the FHA's broad remedial purposes. *See Jason Morgan v. Parc Plaza Development, LP,* Order of United States Magistrate

6

Judge, No. 3:19-cv-00492-G, (N.D. Tex. Feb. 8, 2018) (filed at D.E. #22-2) (citing additional cases). On the contrary, Defendants assert that "many courts . . . have firmly held that a plaintiff alleging accessibility violations can only establish standing related to those violations of which the plaintiff had 'actual knowledge at the time of filing'" and, as such, discovery should be limited to the portions of the property that Plaintiff viewed during his visit and caused him injury. *See Access 4 All, Inc. v. Bamco VI, Inc.*, No. 11-61007-CIV, 2012 WL 33163, at *4 (S.D. Fla. Jan. 6, 2012); *Bowman v. Kisan, LLC*, 2014 WL 6605605, at *5 (M.D. Tenn. Nov. 29, 2015); *Kramer v. Midamco*, 656 F. Supp. 2d 740, 749-50 (N.D. Ohio 2009); *Duldulao v. Sunshine Restaurant Merget Sub, LLC*, 2012 WL 12910647, at *2 (M.D. Fla. Jan. 17, 2012).

Upon review of the authorities cited by the parties, all of the cases cited by Defendants were filed under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, *et seq*. However, in *Morgan*, Magistrate Judge Tolliver was presented with a request for inspection under the FHA. The *Morgan* Court explained the purposes of the FHA as follows:

> The FHA makes it unlawful to "discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap," or to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap." 42 U.S.C. §§ 3604(f)(1), (f)(2). The burden of ensuring compliance with the FHA is primarily shouldered by private litigants. *Trafficante v. Met. Life Ins. Co.*, 409 U.S. 205, 209 (1972). Recognizing "the enormity of the task of assuring fair housing," the Supreme Court has stated that private litigants act "not only on their own behalf but also as private attorneys general in vindicating a policy that Congress considered to be of the highest priority." *Id*. at 211 (citations and internal quotation marks omitted); *see Ueno v. Napolitano*, No. 04-CV-1873(SJ)(VVP), 2007 WL 1395517, at *5 (E.D. NY May 11, 2007) ("the FHA sweeps broader than providing assurance that individual litigants are protected from housing discrimination. Rather, to

> achieve Congress' goal of eliminating wholesale, individual litigants. . . should be considered proxies for the public at large.")
>
> . . . .
>
> Consequently, in similar FHA cases brought by private litigants, district courts have not limited the grant of injunctive relief to those areas of the premises initially observed by the plaintiff, and [have] ordered remediation of violations discovered by later expert inspection. . . .

*Morgan,* Order of United States Magistrate Judge, No. 3:19-cv-00492-G, at 4 (N.D. Tex. Feb. 8, 2018) (filed at D.E. #22-2) (citing additional cases).

The *Morgan* court further addressed how a broad inspection furthers the goals of the FHA:

> [T]he FHA was enacted with "broad remedial intent," *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 380 (1982) (citations omitted), aimed at "eradica[ing] discriminatory practices within [the housing] sector of our Nation's economy," *Tex. Dep't of Housing & Cmty. Affairs v. Inclusive Communities Project, Inc.*, 135 S.Ct. 2507, 2521 (2015) (citations omitted). In accordance with the Supreme Court's instruction that "remedial legislation . . . be construed broadly to effectuate its purposes," *Tcherepnin v. Knight*, 389 U.S. 332, 336 (1967), "courts have generously construed the language of the [FHA] to ensure the prompt and effective elimination of housing discrimination," *Morgan v. Western Rim Investors 20013-3, LP*, No. 4:16-00454-ALM-KPJ, 2017 WL 5907864, at *3 (E.D. Tex. Aug. 11, 2017) (emphasis in original), *adopted by* 2017 WL 5905178 (E.D. Tex. Nov. 30, 2017)). However, limiting Plaintiff's inspection of the Property by narrowly construing the courts' injunctive authority under section 3613(c)(1) of the FHA . . . could needlessly protract litigation and the remediation of non-compliant properties by requiring individual litigants . . . bring multiple lawsuits to ensure that a property is fully compliant with the FHA, particularly if one accessibility barrier prevents a litigant's observation of other barriers. . . . Such a legal barrier would lead to piecemeal litigation and, inevitably, piecemeal compliance with the FHA, thereby frustrating the Act's remedial purpose."

*Morgan,* Order of United States Magistrate Judge, No. 3:19-cv-00492-G, at 5-6 (N.D. Tex. Feb. 8, 2018) (filed at D.E. #22-2) (citing additional cases).

Accordingly, the Court is persuaded by Judge Tolliver's reasoning that the inspection requested in the instant case is relevant to Plaintiff's case pursuant to Rule 26(b) and is permitted under the broad remedial purposes of the FHA. Therefore, Plaintiff's Motion to Compel Rule 34 Inspection of Property is hereby GRANTED.

**IT IS SO ORDERED** this 9th day of April, 2019.

s/ Charmiane G. Claxton  
CHARMIANE G. CLAXTON  
UNITED STATES MAGISTRATE JUDGE